*266 EVICTION ORDER (RESTITUTION AND RELIEF)
TODD MATHA, Associate Judge.
INTRODUCTION
The Court must determine whether to evict a Ho-Chunk Nation tribal member from a rental-housing unit for gross violations of their Lease. The Court finds the extent of non-payment of rent to merit ordering an eviction of the defendant.
PROCEDURAL HISTORY
The plaintiff, the Ho-Chunk Nation Department of Housing Division of Property Management, by and through Attorney John Swimmer', initiated the current action by filing a Complaint with the Court on Nov. 29, 1999. Consequently, the Court issued a Summons accompanied by the above-mentioned Complaint on Nov. 30, 1999, and delivered the documents by certified mail to the defendant at 106 Whit-lock Rd., Apt. 3, Wisconsin Dells, WI 53965. The Summons informed the defendant of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN II. Civ. P. 5(B). The Summons also cautioned the defendant that a Default Judgment could result from failure to file within the proscribed time period. The defendant failed to submit an Answer before the expiration of the response deadline on December 21, 1999.
APPLICABLE LAW
EVICTION ORDINANCE OF THE HO-CHUNK NATION
Section 1. Declaration of the Eviction Ordinance
Sec. 1.03 This Eviction Ordinance shall be utilized to enforce evictions on all property owned by the Ho-Chunk Nation pursuant to Ho-Chunk Nation Constitution, Article I, Section I.
Sec. 1.04 All tenants and lessors shall agree to the jurisdiction of the Ho-Chunk Nation Court as the primary forum to resolve any dispute or controversy. Under Wis. Stat. Sec. 806.245, Judicial Records, order and judgments of an Indian Tribal Court in Wisconsin shall have the same full faith and credit in the courts of this state as do the acts, records, orders and judgments of any other State Court.
Sec. 1.06 This policy shall be used to evict tenants and lessors for non-payment and other violations.
Section 2. Complaint in eviction actions.
Sec. 2.01 The complaint in an eviction action must be in writing and in accordance with Rule 3, Ho-Chunk Nation Rules of Civil Procedure, subscribed by the plaintiff or attorney. The complaint must:
(a) identity the parties and the real property subject of the action,
(b) state the facts which authorize the removal of the defendant,
(c) contain a legal description of the real property so long as it reasonably identifies the property location,
*267 (d) contain a physical address including a street name, street number, and/or unit,
(e) if a cause of action, in addition to the claim for restitution, is joined, the same shall be separately stated. The relief shall be for the removal of the defendant or the property, or both, and, if an additional cause of action is joined for the other, relief sought by the plaintiff.
Section 3. Service and filing in eviction actions.
Sec. 3.01 The complaint and summons shall be served pursuant to Rule 5, Ho-Chunk Nation Rules of Civil Procedure.
Section 5. Order for judgment; writ of restitution.
Sec. 5.01 Order for judgment.
In an eviction action, if the court finds that the plaintiff is entitled to possession, the decision order shall be for the restitution of the premises to Plaintiff, and for such other relief as the Ho-Chunk Nation (hereinafter HCN) Trial Court orders. The judgment shall be entered accordingly as provided in HCN R ules of Civil Procedure.
Sec. 5.02 Writ of restitution.
At the time of decision order publication for the restitution of the premises, the HCN Trial Court shall order that a writ of restitution be issued. The writ shall be delivered to the tribal law enforcement officer (hereinafter TLO) or sheriff for execution. If judgment is against a non-tribal member on the Nation’s property that is not trust land, the writ shall be issued to the county sheriff in accordance with Wis. Stats. 799.45. No writ shall be executed if received by the sheriff more than thirty (30) days after its issuance.
Sec. 5.03 Stay of Writ of Restitution
At the time of the decision order, upon application of the defendant with notice to the plaintiff, the court may, incases where it determines hardship to exist, stay the issuance of the writ by a period not to exceed thirty (30) days from the date for the decision order.
(a) Any such stay shall be conditioned upon the defendant paying all rent or other charges due including court, moving and storage costs upon such terms and at such times as the court directs.
(b) The court may further require the defendant, as a condition of such stay, to give a bond in such amount and with such sureties as the court directs, conditioned upon the defendant’s faithful performance of the conditions of the stay. Upon the failure of the defendant to perform any of the conditions of the stay the plaintiff may file an affidavit executed by the plaintiff or his or1 her attorney, stating the facts for such default, and a writ of restitution may be ordered.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process
(A) Introduction. Service of process is the manner in which the parties are informed of the Complaint and of the opportunity to answer. Personal service is preferred, however, service at the person’s home or usual place of business or employment is a second option. Other methods may be employed when, in the Court’s discretion, they are the most likely to result in the actual notice of parties.
(C) Methods of Service of Process.
(4) Service by Mail. Service of process may be accomplished by sending the *268 required papers to a party by registered mail with return receipt requested....
Rule 44. Presence of Parties and Witnesses
(C) Failure to Appear. If any party fails to appear at a hearing or trial for which they received proper notice, the case may be postponed or dismissed, a judgement may be entered against the absent party, or the Court may proceed to hold the hearing or trial.
Rule 58. Amendment to or Relief from Judgement or Order
(A) Relief from Judgement. A Motion to Amend or for relief from judgement, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgement. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgement, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgement accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgement, the time for initiating an appeal commences upon entry of the amended judgement. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgement commences when the Court denies the motion on the record oi' when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the entry of judgement, the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgement commences in accordance with the Rules of Appellate Procedure.
(C) Erratum Order or Reissuance of Judgement. The Court may correct clerical errors in a court record, including the Judgement or Order, at any time.
(D) Grounds for Relief. The Court may grant relief from judgements or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(1)(a) or (b); did not have proper' service and did not appear in the action; or (4) the judgement has been satisfied, released, discharged or is without effect due to a judgement earlier in time.
FINDINGS OF FACT
1. The parties received proper service of process.
2. The defendant, Timothy Whiterabbit is a tenant in the premises located at 106 Whitlock Rd., Apt. 3, Wisconsin Dells, WI 53965; the defendant’s tenancy at this location began on January 1, 1999;
3. The parties executed a Residential Lease [hereinafter Lease] on December 31, 1998 for 106 Whitlock Rd., Apt. 3, Wisconsin Dells, WI 53965; The Lease obligated the defendant to pay a monthly rental charge of $325.00 beginning in January 1, 1999, and continuing for successive terms of one month. Rent became due on the first of each successive month, and the plaintiff assessed a late fee of $25.00 if the *269 rent was not received by the fifth of the month.
4.The defendant agreed to abide by the tenant obligations of the Lease, specifically:
RENT: Rent of $325.00 per month for Premises is due on the 1st day of each month and is payable at Ho-Chunk Nation Home Ownership P.O. Box 170 To-mah, WI 54660. If payment is received or post marked by the 5th day of the month when due, it shall be considered paid on time, otherwise a late charge of $25.00 as specified in Exhibit A (“Occupancy Policies”) shall apply. Charges incurred by Landlord for Tenant’s returned checks are payable by Tenant, as specified in Exhibit A. Landlord shall provide a receipt for cash payments of rent. All tenants, if more than one, are jointly are severally liable for the full amount of any payments due under this Lease. Acceptance of a delinquent payment does not constitute a waiver of that default or any other- default under this Lease.
BREACH TERMINATION: Failure of either party to comply substantially with any material provision hereof including those stated on Exhibit A is a breach of the Lease. Should Tenant neglect or fail to perform and obser-ve any of the terms of this Lease, Landlord shall give Tenant written notice of such breach requiring Tenant to remedy the breach or vacate the Premises on or before a date at least 5 days after the giving of such notice, and if Tenant fails to comply with such notice, Landlord may declare this tenancy terminated and institute action to expel Tenant from the leased Premises without limiting the liability of Tenant for the rent due or to become due under this Lease. If Tenant has been given such notice and has remedied the breach or been permitted to remain in the Premises, and within one year of such previous breach, Tenant commits a similar breach, this Lease may be terminated if, before the breach has been remedied, Landlord give notice to tenant to vacate on or before a date at least 14 days after the giving of [t]he [sic] notice. This provision shall apply to any Lease term. If Landlord commits a breach, Tenant may enforce such breach in the Trial Court of the Ho-Chunk Nation only, and only within the terms of the limited waiver of sovereign immunity stated above. Noting contained in this lease shall otherwise constitute a consent of the Landlord to be sued in any other court or to waive or limit Landlords’ sovereign immunity in any manner other than through an injunctive enforcement action in the Trial Court of the Ho-Chunk Nation.
5. On multiple occasions the defendant has failed to pay his rent in a timely manner as dictated by the Lease. See Plaintiffs Exhibits 1-6;
6. The plaintiff delivered a Notice to Temanate Tenancy—Ho-Clmnk Housing Authority to the defendant on November 9, 1999. See Exhibit 6.
7. The defendant failed to file an Answer to the November 30, 1999 Complaint prior to the expiration of the twenty (20) day response time.
DECISION
The Court finds that the plaintiff is entitled to possession of 106 Whitlock Rd., Apt. 3, Wisconsin Dells, WI 53965. Termination of the lease was warranted in the instant case for nonpayment of rent, and eviction must accordingly follow in light of the defendant’s failure to pay rent or to vacate the premises. The Court afforded the defendant the opportunity to respond to the plaintiffs Complaint, but he has *270 failed to appear or provide any response m the instant proceeding.
THEREFORE, the Court hereby grants a Default Judgment against the defendant and restitution of the defendant’s residence to the plaintiff pursuant to the Eviction Ordinance § 5.01.
FURTHERMORE, the Court shall issue a Writ of Restitution (Eviction) pursuant to the Eviction Ordinance § 5.02. A copy of such writ shall accompany this Order. The Court shall serve the Writ of Restitution (Eviction) upon the official designated by the plaintiff to make the physical eviction.[1]
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgement or Order. Otherwise, all parties have the right to appeal a final judgment or order of the Trial Court. If either party is dissatisfied with the decision of this Court, they may file a Notice of Appeal with the Ho-Chunk Supreme Court within thirty (30) calendar days from the date this Court renders such final judgment or order. The Notice of Appeal must show service was made upon the opposing party prior to its acceptance for filing by the Clerk of Court. The Notice of Appeal must explain the reason the party appealing believes the decision appealed from is in error. All appellate pleadings to the Ho-Chunk Supreme Court must conform to the requirements established by the Ho-Ghunk Supreme Court as stated in the Ho-Chunk Nation Rules of Appellate Procedure. -
In addition, the defendant. is advised that merely appealing the Judgement of Eviction is insufficient to stop the eviction. The defendant must also file a Motion to Stay the Judgement. This Motion to Stay may be filed in the Ho-Chunk Nation Trial Court. Stays issuing from the Trial Court will be governed by 3503 of the Eviction Ordinance of the Ho-Chunk Nation, and the Court’s decision will be based on a determination of hardship. If granted, this stay may be in effect for a maximum of thirty (30) days.
A Stay may also be filed with the Ho-Chunk Nation Supreme Court in conjunction with an appeal of the Trial Court’s decision. This Motion to Stay is governed by the Ho-Chunk Nation Rules of Appellate Procedure, and, if granted, will apply while the Ho-Chunk Nation Supreme Court is considering the appeal.

. The plaintiff shall inform the Court of the specific arrangements for the physical evic-lion within 10 days from the date of this Order.